UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMARA WESSON,

    Plaintiff,

v.                                                    CASE NO. 8:19-CV-859-T-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**ORDER**

This is an action for review of the administrative denial of disability insurance benefits (DIB) and period of disability benefits. *See* 42 U.S.C. § 405(g). Plaintiff argues that the agency's decision is not supported by substantial evidence because the Administrative Law Judge (ALJ) did not evaluate her complaints of disabling migraine pain. After considering the parties' joint brief (doc. 28) and the administrative record (doc. 15), I find the ALJ's decision that Plaintiff is not disabled is supported by substantial evidence. I affirm.[1]

    A.    *Background*

Plaintiff Tamara Wesson was born on December 31, 1970, and was 42 years old on her alleged disability onset date of January 15, 2013. (R. 21) Plaintiff dropped out of school in the seventh grade but eventually obtained her GED. (R. 47) She has past work experience as a waitress. (R. 60) Plaintiff lives with her father and stepmother; according to Plaintiff's testimony, they pay all her living expenses and take care of her. (R. 47) At the time of Plaintiff's January 2018 hearing before the ALJ, she had a 20-year-old daughter she was very close with. (R. 54)

---

[1] The parties have consented to my jurisdiction. *See* 28 U.S.C. § 636(c).

Plaintiff initially alleged disability due to congestive heart failure, fatigue, depression, anxiety, dyslexia, deformed feet, degenerative disc disease, and high blood pressure. Plaintiff also testified she has almost daily migraines. After a hearing, the ALJ found that Plaintiff suffers from the severe impairment of non-ischemic cardiomyopathy. (R. 14) The ALJ determined Plaintiff is not disabled as she retains the residual functional capacity (RFC) to perform sedentary work with the following limitations:

> Only occasionally balance, crouch, crawl, stoop, bend, or kneel and occasionally climb stairs or ramps. The claimant could not climb ladders, ropes, or scaffolds. The claimant should not be exposed to unprotected heights, dangerous or moving machinery and machine parts. The claimant should not be exposed to temperature or humidity extremes or areas of poor ventilation in the workspace.

(R. 17) In a May 3, 2018, decision, the ALJ found that, with this RFC, Plaintiff could not perform her past relevant work but could work as an addresser, a document preparer, or a table worker. (R. 21) The Appeals Council denied review. (R. 1-3) Plaintiff, her administrative remedies exhausted, filed this action.

    *B.*    *Standard of Review*

To qualify for DIB, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration has promulgated regulations that establish a "sequential evaluation process" to determine if a claimant is disabled. *See* 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to

3

provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

    C.    *Discussion*

        1.    *Plaintiff's complaints of migraine pain*

According to Plaintiff, the ALJ failed to discuss her migraine pain. Teasing out her argument, she contends the ALJ erred by (1) finding her headaches were not a severe impairment; (2) improperly evaluating her subjective complaints of headache pain; and, consequently, (3) discounting her credibility. The Commissioner responds that the ALJ's decision is supported by substantial evidence. I agree with the Commissioner.

The first issue is whether the ALJ erred by not identifying Plaintiff's headaches as a severe impairment. Step two requires only that the ALJ determine whether Plaintiff suffers from at least one severe impairment. *See Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (holding "the finding of any severe impairment . . . whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe" is enough to satisfy step two). "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 385 F. App'x 823, 825 (11th Cir. 2010) (citing *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984)). Here, the ALJ found Plaintiff suffers from the severe impairment of non-ischemic cardiomyopathy (R. 14), which satisfies the step two inquiry.

Nonetheless, the regulations demand the ALJ consider not just the disabling effect of each impairment but also the combined effect of all a claimant's impairments. *See* 20 C.F.R. § 404.1523; *Davis v. Halala,* 985 F.2d 528, 534 (11th Cir. 1993) (ALJ is to evaluate the "whole

4

person"). Where a claimant has alleged several impairments, the Commissioner has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled. *See Jones v. Dep't of Health and Human Servs.,* 941 F.2d 1529, 1533 (11th Cir. 1991). The ALJ determined Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (R. 16) This constitutes substantial evidence that the ALJ considered the combined impacts of a claimant's impairments. *Wilson v. Barnhart*, 284 F.3d 1219, 1223 (11th Cir. 2002).

Additionally, although Plaintiff testified to experiencing migraine pain (discussed below), she did not mention her headaches or pain associated with them during the disability application process (*see* R. 17-18, 174, 185-86, 191, 204), and she did not mention migraines at either her psychological or her physical consultative evaluations (both occurred in August 2016). (R. 371, 374) Instead, Plaintiff alleged disability due to congestive heart failure and associated shortness of breath, fatigue, pain, recurring pneumonia, chronic cough, and lethargy. (R. 17-18) She complained of deformed feet, knee and back pain, depression, and dyslexia. (R. 374) She told her consultative examiner in August 2016, that she had "no other medical problems." (*Id*.) After summarizing this information, the ALJ found her degenerative disc disease and deformed feet to be non-severe because her treatment for these conditions was very limited. (R. 14) Plaintiff's depression and anxiety, "considered singly and in combination," also were non-severe due to very limited treatment. Plaintiff's heart condition was her only severe impairment due to "incidents of

5

exacerbated cardiac symptoms but these have been intermittent and more recent treatment records indicate that her condition has stabilized over time." (R. 18)

Nonetheless, the ALJ noted that Plaintiff complained of headaches during an October 2016 emergency room visit for dizziness, restless legs, and difficulty walking. (R. 19, 288)  Plaintiff reported that she had a headache earlier in the day, that her mom gave her Motrin, and that her headache went away. (R. 288)  Although this is the ALJ's only mention of Plaintiff's headache pain, the ALJ is not required to examine every piece of evidence so long as the decision does not broadly reject the claimant's case and is sufficient for the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Mitchell v. Comm'r of Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).  Here, the only other reports of headache contained in the medical record are in a December 2007 treatment note from Watson Clinic (six years before Plaintiff's alleged onset date), when she complained of a migraine, nausea, and vomiting and "felt better" after taking Depo-Medrol and Phenergan (R. 393); a February 2014 note from a pain management clinic treating her for back pain, in which she stated she had a history of migraines (R. 449); and a January 2014 visit to Lakeland Regional Medical Center ER for migraines and vomiting, when she reported she usually took over the counter medications to control her headaches. (R. 482)  On this record, substantial evidence supports the ALJ's consideration of Plaintiff's impairments in combination at step two.

Plaintiff's next contention is that the ALJ's consideration of her headaches ran afoul of the Eleventh Circuit's pain standard.  The Eleventh Circuit has crafted a pain standard to apply to claimants who attempt to establish disability through their own testimony of subjective complaints.  The standard requires evidence of an underlying medical condition and either (1) objective medical

evidence that confirms the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain. *See Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991). When the ALJ decides not to credit a claimant's testimony as to his pain, he must articulate explicit and adequate reasons for doing so. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

Social Security Ruling 16-3p cautions that "subjective symptom evaluation is not an examination of an individual's character." *Id.* Adjudicators, as the regulations dictate (*i.e.*, 20 C.F.R. § 404.1529), are to consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence in the record. *Id.* The regulations define "objective evidence" to include medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. §§ 404.1529. "Other evidence," again as the regulations define, includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. § 404.1512(b)(2)-(6). In the end, credibility determinations are the province of the ALJ. *Mitchell,* 771 F.3d at 782.

Here, the ALJ relied on boilerplate language in assessing Plaintiff's subjective pain complaints:

> After careful consideration of the evidence, I find that the claimant's medially determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

7

(R. 19) This language directly addresses the Eleventh Circuit's pain standard and is not improper *if* supported by substantial evidence. *See Danan v. Colvin*, 8:12-cv-7-T-27TGW, 2013 WL 1694856, at * 3 (M.D. Fla. Mar. 15, 2013).

Plaintiff mentioned migraine pain for the first time at her hearing, testifying that her migraines occur "[u]sually every day. Sometimes they're in my eyes and sometimes they're – and they don't hurt but I just don't see very good, but then sometimes they're actually in my head and then they hurt and they last for hours." (R. 56) Plaintiff explained that the headaches in her eyes last about 20 minutes and to endure them she closes her eyes "till it stops hurting." (R. 57) As for her other type of migraine pain – the type that is in her head – it can last "anywhere from three hours to five hours. Sometimes I have to go to the hospital and get a shot. I laid in a hospital out of town one time for five hours crying, screaming, crying and they just let me lay there and puke and cry for five hours before they saw me till it was my turn." (R. 58) She does not take medicine for her headaches because she "tried different things but nothing really helps . . . why spend all that money that I don't have." (*Id.*)

As discussed above, despite testifying she experiences migraines "usually every day," (R. 56) Plaintiff complained of headaches to treatment providers only a few times in almost a decade of medical records, and she reported to her treatment provider at the ER that over-the-counter medications generally provided relief to her pain. Her treatment records from her primary care physician do not mention migraines. (R. 18) And during her physical consultative evaluation, Anand Rao, M.D. noted no evidence of neurological limitations. (R. 19, 375) Additionally, her daily activities were inconsistent with disabling headache pain: she admitted she helps with laundry, prepares simple meals, grocery shops twice a month, does light household chores, visits

with her daughter, keeps up with friends on Facebook, manages her own hygiene and grooming needs, drives short distances, sews, and keeps doctor's appointments. (R. 53-55, 186-87, 192-95) While "participation in everyday activities of short duration" does not disqualify a claimant from disability, *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997), the ALJ is tasked with considering factors relevant to a claimant's complaints of pain, including her daily activities. *See* 20 C.F.R. § 404.1529(c)(3)(i). Plaintiff's daily activities do not paint the picture of a person unable to perform sedentary work.

The ALJ also considered Plaintiff's cardiac condition, which had improved since her alleged onset date: A February 2017 ECG indicated improved left ventricle function (ejection fraction of 45 to 50 percent, indicative of mildly impaired left ventricle systolic function), normal right ventricle function, and no pericardia effusion. (R. 19, 360-62) Plaintiff had very conservative treatment for her other alleged impairments. For example, she testified she takes medication for heart disease, depression, and anxiety. But she receives no medical treatment for her migraines, her back, neck, and knee pain, or her issues with her feet. She takes Aleve and Advil, but otherwise testified that "there's nothing they can do about" her pain. (R. 49-50, 52)

Plaintiff admits "the record is not replete with evidence of complaints of migraine headaches." (doc. 28 at 7) On this record, the ALJ's consideration of Plaintiff's subjective complaints of pain is supported by substantial evidence. To the extent Plaintiff asks me to re-weigh the evidence or substitute my opinion for that of the ALJ, I cannot. If the ALJ's findings are based on the correct legal standards and are supported by substantial evidence – as they are here – the Commissioner's decision must be affirmed even if I would have reached a different conclusion. *See Bloodsworth*, 703 F.2d at 1239. On this record, the ALJ did not err in considering

Plaintiff's migraines, either at step two of the sequential evaluation process or in fashioning her RFC.

    *D.*    *Conclusion*

For the reasons stated above, it is ORDERED:

    (1) The ALJ's decision is AFFIRMED; and

    (2) The Clerk of Court is directed to enter judgment for the Commissioner and close the case.

DONE and ORDERED in Tampa, Florida on June 16, 2020.

                                                       */s/ Mark A. Pizzo*
                                                       MARK A. PIZZO
                                                       UNITED STATES MAGISTRATE JUDGE